IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CYNTHIA R. STEWART                                              PLAINTIFF

V.                              CAUSE ACTION NO. 5:17-CV-148-DCB-MTP

MELISSA ANN "MISSY" WISINGER                                    DEFENDANT

V.

LAWRENCE STEWART                                       THIRD-PARTY DEFENDANT

ORDER

Before the Court is Defendant Melissa Ann Wisinger ("Missy")'s Motion for Summary Judgment (Doc. 30); Plaintiff Cynthia Stewart ("Cynthia")'s Motion for Summary Judgment (Doc. 34); and Third-Party Defendant Lawrence Stewart ("Dr. Stewart")'s Motion for Summary Judgment (Doc. 36). For the reasons discussed below, these motions for summary judgment (Docs. 30, 34, and 36) are DENIED.

**Background**

This is an alienation of affection case. Cynthia originally brought this case against Missy, alleging several claims arising out of the extramarital affair between Missy and Cynthia's husband, Dr. Stewart. Since then, each party has moved for summary judgment,

arguing that different parties cannot prove one or more elements of their claims under Mississippi law.[1]

Until December 2015, Dr. Stewart had an Otolaryngology a/k/a Ear, Nose, and Throat practice in McComb, Mississippi. Doc. 1, p. 2. In early 2014, Missy was a patient of Dr. Stewart's business partner and encountered Dr. Stewart. Doc. 36, p. 1. Dr. Stewart also began treating Missy and her children. Id. In Spring 2014, Missy and Dr. Stewart engaged in an extramarital[2] relationship. Doc. 1, p. 2; Doc. 31, p. 2; Doc. 36, p. 1.

Cynthia and Dr. Stewart allege that Missy confessed the affair to her husband and that either Missy or her husband contacted state and federal law enforcement officials as well as the Mississippi Board of Medical Licensure ("the Board") to report Dr. Stewart's affair with his patient. Doc. 1, p. 2; Doc. 36, p. 1. Missy became a confidential informant aiding the United States Drug Enforcement Administration ("DEA") in an investigation of Dr. Stewart. Doc. 1, p. 2; Doc. 31, p. 2; Doc. 36, p. 2. Dr. Stewart was arrested, pled

---

[1] Jurisdiction is based on diversity of citizenship, so the Court applies Mississippi law. Mid-Continent Cas. Co. v. Swift Energy Co., 206 F.3d 487, 491 (5th Cir. 2000)(citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)).
[2] Missy alleges that she was first stalked and then enticed into an affair by Dr. Stewart. Doc. 5, p. 4. Missy contends that Dr. Stewart "engaged in a long and calculated campaign to seduce and brainwash Missy Wisinger in an effort to control her and obtain sexual gratification from her." Doc. 5, p. 4. Cynthia and Dr. Stewart both maintain that Missy "began an affair with Dr. Stewart . . . and repeatedly enticed Dr. Stewart to leave his marriage." Doc. 34, p. 1; Doc. 36, p. 1; Doc. 44, p. 1.

guilty to a single felony charge, and was sentenced by the United States District Court in September 2016.

The Board allowed Dr. Stewart to maintain his medical license with certain conditions, including his participation in programs for physicians who have engaged in improper activity while practicing medicine. Doc. 37, p. 2. Dr. Stewart was terminated from his medical practice by his business partner. Id. Dr. Stewart and Cynthia allege that Dr. Stewart's license conditions and felony conviction have prevented Dr. Stewart from practicing medicine. Doc. 37, p. 2; Doc. 1, p. 3. They contend that this resulted in financial consequences, which "caused them to lose their home in McComb, Pike County, Mississippi, and directly resulted in [Cynthia] having to move to the State of Florida to reside with and/or near relatives." Doc. 1, p. 3; Doc. 37; p. 2. They also allege that Missy and/or her husband "further provided information to private individuals, including but not limited to Bryan Harbour, in Pike and Lincoln Counties, Mississippi, who then disseminated that information to the general public." Doc. 34, p. 2; Doc. 36, p. 2.

Cynthia sued Missy, claiming negligent infliction of emotional distress; negligence and gross negligence; and alienation of affection. See Doc. 1, pp. 4-6. Cynthia seeks damages and injunctive relief to prohibit Missy from contacting Dr.

3

Stewart. Doc. 1, p. 6. Missy responded with counterclaims, claiming malicious prosecution and negligent infliction of emotional distress against Cynthia. See Doc. 5, pp. 7-8. Missy added third-party defendant Dr. Stewart to this cause, demanding relief for intentional and negligent infliction of emotional distress; and negligence and gross negligence. Doc. 5, p. 10. Each party has moved for summary judgment.

I

Summary judgment is proper if a party shows that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). If the movant shows the absence of a disputed material fact, the non-movant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." McCarty v. Hillstone Rest. Grp., Inc., 864 F.3d 354, 357 (5th Cir. 2017).

The Court views facts and draws reasonable inferences in the non-movant's favor. Vann v. City of Southaven, Miss., 884 F.3d 307, 309 (5th Cir. 2018). The Court neither assesses credibility nor weighs evidence at the summary-judgment stage. Gray v. Powers, 673 F.3d 352, 354 (5th Cir. 2012).

II

Missy moves for summary judgment on Cynthia's alienation of affection claim. See Doc. 31.

An alienation of affection claim requires a finding of the following elements: (1) wrongful conduct of the defendant; (2) loss of affection or consortium; and (3) causal connection between such conduct and loss. Hancock v. Watson, 962 So. 2d 627, 630 (Miss. Ct. App. 2007); Fitch v. Valentine, 959 So. 2d 1012, 1025 (Miss. 2007). Alienation of affection is a recognized cause of action in Mississippi, the purpose of which is to protect the marriage relationship and provide a remedy for intentional conduct that causes a loss of consortium. Fitch v. Valentine, 959 So. 2d 1012, 1020 (Miss. 2007).

The Mississippi Supreme Court held, "where a husband is wrongfully deprived of his rights to the 'services and companionship and consortium of his wife,' he has a cause of action 'against one who has interfered with his domestic relations.'" Camp v. Roberts, 462 So. 2d 726, 727 (Miss. 1985)(citing Walter v. Wilson, 228 So. 2d 597, 598 (Miss. 1969)). Regarding loss of consortium, the Mississippi Supreme Court states that

> The interest sought to be protected is personal to the [spouse] and arises out of the marriage relation. [A spouse] is entitled to society, companionship, love, affection, aid, services, support, sexual relations and the comfort of [his/her spouse] as special rights and

5

> duties growing out of the marriage covenant. To these may be added the right to live together in the same house, to eat at the same table, and to participate together in the activities, duties and responsibilities necessary to make a home. All of these are included in the broad term, "conjugal rights." The loss of consortium is the loss of any or all of these rights.

Kirk v. Koch, 607 So. 2d 1220, 1224 (Miss. 1992)(citing Tribble v. Gregory, 288 So. 2d 13, 16 (Miss. 1974)).

Missy contends that she is entitled to summary judgment because Cynthia cannot prove that she suffered a loss as a direct result of Missy's conduct. Doc. 31, p. 5. In support, Missy points to Cynthia's complaint, stating that Dr. Stewart and Cynthia are still married. Doc. 31, p. 5. Missy alleges "it was Mrs. Stewart's choice to abandon her husband and move to Florida. . . . Dr. Stewart alone is responsible for any detrimental change in the marriage relationship or financial hardships." Doc. 31, p. 5.

Missy also argues that even if Dr. Stewart did abandon the marriage, Missy's conduct is not the proximate cause of such abandonment: "the abandonment occurred long before [Missy] came into the picture. If Dr. Stewart was plying other females with prescription drugs in order to seduce them, then the marriage between Plaintiff and Dr. Stewart was already unstable." Doc. 31, p. 5.

Cynthia rejoins that genuine issues of material fact exist in relation to all the elements necessary to prove her claim of alienation of affection. Doc. 43, p. 2. Cynthia cites Kirk v. Koch, 607 So. 2d at 1224, as support for her contention that a divorce is not required for the tort of alienation of affection to ripen. Cynthia directs the Court's attention to one case where the plaintiff's claim of alienation of affection accrued when the spouse moved out of the marital home, Carr v. Carr, 784 So. 2d 227, 230 (Miss. Ct. App. 2000)(explaining that "A claim of alienation of affection accrues when the alienation or loss of affection is finally accomplished."). Cynthia cites another case where the plaintiff's claim accrued the last time the plaintiff's spouse participated in the affair (Fulkerson v. Odom, 53 So. 3d 849, 852 (Miss. Ct. App. 2011)(discussing how the claim accrues when the affections of the spouse involved in the extramarital relationship are alienated because the affections of the spouse wronged by the affair are irrelevant to a determination of when the cause of action occurred). Dr. Stewart states that he and his wife formally separated as a direct result of his affair with Missy:

> As a direct result of the affair with Missy Wisinger, I have lost my relationship with my wife. I had made mistakes in our marriage before Missy Wisinger, but my wife had forgiven me for those mistakes. Before Missy . . . my wife and I were leading a productive married life.

Doc. 44, p. 3.

At this stage, the Court is unable to determine whether Dr. Stewart's affections were alienated and therefore is unable to resolve whether the loss of consortium element is met. To the extent that Missy attempts to prove Cynthia did not experience a loss of consortium or that Missy's conduct did not cause such a loss, the Court does not assess the credibility of the parties' assertions or evidence. <u>Gray v. Powers</u>, 673 F.3d 352, 354 (5th Cir. 2012). As to Cynthia's claims, Missy has not shown that there is no genuine dispute as to any material fact and that she is entitled to judgment as a matter of law.

III

Missy filed counterclaims against Cynthia, claiming malicious prosecution and negligent infliction of emotional distress. <u>See</u> Doc. 5, pp. 7-8. Missy added third-party defendant Dr. Stewart to this cause, demanding relief for intentional and negligent infliction of emotional distress; and negligence and gross negligence. Doc. 5, p. 10.

A

Cynthia moves for summary judgment on Missy's claims of malicious prosecution and negligent infliction of emotional distress. <u>See</u> Doc. 34.

8

To maintain a suit for malicious prosecution, Missy must prove the following elements by a preponderance of the evidence: (1) the institution or continuation of original judicial proceedings, either criminal or civil; (2) by or at the insistence of the defendants; (3) the termination of such proceedings in the plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceedings; and (6) suffering of damages as a result of the action or prosecution complained of. Orr v. Morgan, 230 So. 3d 368, 372 (Miss. Ct. App. 2017)(internal citation omitted).

Cynthia contends that Missy cannot prove several elements of this claim, especially termination of the action in Missy's favor: "First and foremost, a malicious prosecution claim is premature in this case, because this action has not been terminated much less terminated in Defendant's favor." Doc. 35, p. 4. Missy "confesses that her counterclaim for malicious prosecution is premature as there has not yet been a termination of the proceedings brought against her." Doc. 39, p. 3. Although it is true that termination has not occurred, it is premature to grant summary judgment at this stage in the litigation on that which is a core issue.

To succeed on a claim of negligent infliction of emotional distress, Missy must prove duty, breach, causation, and damages, as well as "some sort of physical manifestation of injury or

9

demonstrable harm, whether it be physical or mental, and that harm must have been reasonably foreseeable to the defendant." Mosley v. GEICO Ins. Co., 2014 WL 7882149, at *19 (S.D. Miss. 2014)(internal citation and quotation marks omitted). The inquiry focuses on Cynthia's conduct, rather than on Missy's physiological condition: "It is the nature of the act itself – not the seriousness of its consequences – that gives impetus to legal redress." Mosley, 2014 WL 7882149, at *18 (citing Jenkins v. City of Grenada, Miss., 813 F.Supp. 443, 446 (N.D. Miss. 1993)).

Regarding Missy's negligent infliction of emotional distress claim, Cynthia argues that Missy cannot meet her burden because Cynthia had "no duty" to Missy. Doc. 34, p. 3. In support, Cynthia states, "It is undisputed that Plaintiff [Cynthia] and Defendant [Missy] had no personal, professional, contractual or business relationship prior to Plaintiff learning of Defendant's affair with her husband." Doc. 34, p. 3. Cynthia argues that Missy cannot show that she has suffered damage in any way: "[Missy] has not produced any medical records or any other evidence that she has had any physical, emotional or mental consequences of any action taken by Plaintiff." Doc. 34, pp. 3-4.

Missy rejoins that her counterclaim for negligent infliction of emotional distress has merit and should not be dismissed. She argues that in her Responses to Cynthia's Interrogatories, Missy

provided proof of demonstrable injuries as well as the name and address of the medical and healthcare providers she saw for treatment. Doc. 39, pp. 2-3.

In some cases, depending on the existence of malicious, intentional or outrageous conduct, there must be a showing of demonstrative harm, and that harm must have been reasonably foreseeable to the defendant. Adam v. U.S. Homecrafters, Inc., 744 So. 2d 736, 742 (Miss. 1999). Missy states, "The record is clear that by filing this suit with an ulterior motive, Mrs. [Cynthia] Stewart's conduct was malicious, intentional, willful, wanton, grossly careless, indifferent and/or reckless, and as such, proof of demonstrable harm is not necessary." Doc. 38, p. 2. Missy believes that Cynthia's action against Missy is "in retaliation for damages proximately caused by the criminal conduct of Mrs. Stewart's own husband." Doc. 39, p. 2. Missy argues that her emotional distress and damages are reasonably foreseeable results of Cynthia's conduct. Doc. 39, p. 2.

It is premature for this Court to find that the elements of negligent infliction of emotional distress are not met.

B

Dr. Stewart moves for summary judgment on Missy's claims of intentional and negligent infliction of emotional distress; and negligence and gross negligence. See Doc. 36.

11

In his motion for summary judgment, Dr. Stewart reiterates Cynthia's argument that Missy has not produced any documents in discovery relating to any healthcare she has received and has not designated any medical experts who would testify on her behalf. Doc. 36, p. 3. Dr. Stewart also argues that Missy's intentional tort claim is barred by the one-year[3] statute of limitations and that all of Missy's negligence-based claims should be dismissed as they were not filed within the three-year[4] statute of limitations. Doc. 37; p. 4; Doc. 36, p. 4. He contends that "Missy testified under oath that the last time Dr. Stewart provided any treatment to her was in 2014 and the last time he affirmatively contacted her was in late 2014. [See] Exhibit B, Transcript of DEA Hearing, pp. 291-294, 309-321, and 352-355. Missy Wisinger did not file her Third-Party Complaint in this case until March 30, 2018." Doc. 36, p. 4; see Doc. 5.

Missy rejoins that her claims were timely filed as the relevant statute of limitations was tolled due to Missy's repeated injuries. Doc. 41, p. 1. Missy alleges she was plied with highly addictive prescription drugs, brainwashed, and manipulated into entering a mentally and emotionally damaging extramarital

---

[3] The statute of limitations for a claim of intentional infliction of emotional distress is one year. Jones v. Fluor Daniel Serv. Corp., 32 So. 3d 417, 423 (Miss. 2010).

[4] The statute of limitations for negligent infliction of emotional distress is three years. Breeden v. Buchanan, 164 So. 3d 1057, 1061-1062 (Miss. Ct. App. 2015).

relationship with Dr. Stewart. Doc. 41, p. 2. Missy states that Dr. Stewart's actions were "intentional, wanton, willful, and so outrageous so as to exceed all bounds of decency." Doc. 5, p. 10. Therefore, she reasons, "proof of demonstrable harm to [Missy] is not necessary." Doc. 41, p. 1. She also states that as a proximate cause of Dr. Stewart's actions, she suffered several injuries and severe psychological mechanisms, including mental and emotional distress, psychological treatment, and financial hardship associated with defending Cynthia's suit against her. Doc. 5, p. 10; Doc. 41, p. 2.

Missy's injuries allegedly prevented her from "perceiving, knowing, or understanding the existence and nature" of her injuries. Doc. 41, p. 2. She states that she recently received psychotherapy and treatment for severe emotional problems from St. Dominic Hospital and Anne Henderson, PhD. Doc. 41, p. 2. She contends that she still experiences ongoing effects of Dr. Stewart's conduct in 2014, thereby converting his conduct into a "continual tort." Id. Missy quotes a Mississippi Supreme Court case as support: "A continuing tort involves a repeated injury and the cause of action begins to run from the date of the last injury, tolling the statute of limitations. Smith v. Franklin Custodian Funds, Inc., 726 So. 2d 144 (¶17) (Miss. 1998)." Doc. 41, p. 3; McCorkle v. McCorkle, 811 So. 2d 258, 264 (Miss. Ct. App. 2001). The entire quote in the original case, however, reads differently:

> [W]here a tort involves a continuing or repeated injury, the cause of action accrues at, and limitations begin to run from, the date of the last injury, or when the tortious acts cease. <u>Where the tortious act has been completed, or the tortious acts have ceased, the period of limitations will not be extended on the ground of a continuing wrong.</u>
>
> A "continuing tort" is one inflicted over a period of time; it involves a wrongful conduct that is repeated until desisted, and each day creates a separate cause of action. <u>A continuing tort sufficient to toll a statute of limitations is occasioned by a [sic] continual unlawful acts, not by continual ill effects from an original violation.</u>

<u>Smith v. Franklin Custodian Funds, Inc.</u>, 726 So. 2d 144, 148 (Miss. 1998)(emphasis added). As to the statute of limitations, there are unresolved factual matters, and at this stage of the litigation, the Court declines to decide this issue as a matter of law.

IV

Viewing facts, resolving doubts, and drawing reasonable inferences in each non-movants' favor, the Court finds summary judgment improper. Cynthia and Missy have raised genuine issues of material fact, precluding summary judgment in their claims against each other and in Missy's claims against Dr. Stewart.

Accordingly,

IT IS HEREBY ORDERED that Defendant Missy Wisinger's Motion for Summary Judgment (Doc. 30); Plaintiff Cynthia Stewart's Motion

for Summary Judgment (Doc. 34); and Third-Party Defendant Lawrence Stewart's Motion for Summary Judgment (Doc. 36) are DENIED.

SO ORDERED this the 3rd day of July, 2019.

                                            /s/ David Bramlette
                                     UNITED STATES DISTRICT JUDGE